H. N. REEVES v. THE STATE.

No. 14541. Delivered June 17, 1931.

The opinion states the case.

*Kirby, King & Overshiner,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for five years.

Officers drove out the Abilene State Hospital road to see about an automobile wreck. They found a Hudson sedan which had been turned over. Appellant was near the car. According to the testimony of the officers, appellant said the car belonged to O. C. Bloss, a friend of his, but that he had been driving the car. The officers asked him if he had

any whisky in the car and he answered in the negative. They found a five-galon keg with something over four gallons of whisky in it in a pasture about 75 yards from the car. There was no liquor in the wrecked car. State's witness Mrs. McDaniel testified, in substance, as follows: She approached the car shortly after it had turned over and saw a man getting out from under it. This man picked up a keg and started out to the pasture. He was a heavily built man and wore an old gray coat. She could not identify appellant as the man she saw at the car. Mrs. Parramore, who acompanied Mrs. McDaniel, gave testimony substantially the same as that of Mrs. McDaniel. In addition to the matters contained in Mrs. McDaniel's testimony, Mrs. Parramore stated that she saw two people come up to the automobile after it turned over. She was unable to identify appellant. On being recalled by the state Mrs. McDaniel testified that she saw a man at the city hall shortly after the wreck who was dressed just like the man she had seen in the car. She expressed the opinion that the man she saw at the city hall was the same man she had seen carrying the keg into the pasture. An officer testified that the man the witness had seen at the city hall was appellant. Appellant did not testify in his own behalf.

Bill of exception No. 1 presents the following occurrence: After Mrs. McDaniel had testified that she could not identity appellant as the man she saw taking the whisky into the pasture, appellant's counsel requested one L. B. Weathered, who was sitting inside the rail, to stand up. Mr. Weathered complied with the request. At this juncture the trial court addressed appellant's counsel in the presence and hearing of the jury as follows:

"You know that is not the man at all. He came in here (referring to the man who stood up) and sat down inside this rail. I am not going to have any such monkey business inside this court. You (referring to Mr. Weathered) just be seated. Don't you stand up any more unless I tell you to."

Appellant properly objected to the remarks of the court. It appears that Mr. Weathered and O. C. Bloss, who were friends of appellant, had seated themselves inside the rail near appellant. According to the testimony, the wrecked car belonged to O. C. Bloss. We do not understand that appellant's counsel violated any rule of procedure when he asked Weathered to stand up for the purpose of testing Mrs. McDaniel's ability to identify the man she saw at the wrecked car. There was testimony that the car belonged to O. C. Bloss. Moreover, there was testimony that there were other persons at the scene of the wreck. The court charged on circumstantial evidence, there being no direct testimony identifying appellant as the man who carried the whisky into the pasture. The trial judge's remarks to the effect that he was not going to have any "monkey business" in the court and directing Mr. Weathered to be-

seated unless he was asked by the court to stand up were calculated to impress the jury with the view that counsel had done something reprehensible in calling upon Mr. Weathered to stand up. In the case of House v. State, 42 Texas Crim. Rep., 125, 57 S. W., 825, the state relied upon circumstantial evidence. One of the strongest facts relied upon by the state was the finding of what witnesses thought to be blood on one of the barrels of the shotgun. Some hair was connected with this blood. The accused was tried several times. Upon the last trial one of his attorneys, in order to test the ability of the witness to identity the hair found in the blood as being human hair, secured several hairs from the tail of a stuffed squirrel and others from the mane and tail of a horse. One of the witnesses testified that the hair from the squirrel was human hair. Counsel for the accused proposed to hand the jury the hair and let them personally inspect it. The court declined to permit this to be done and in such manner as to reflect upon the counsel who had obtained the hair. In reversing the case, Judge Davidson, speaking for the court said:

"The contention of appellant was that, if blood and hair were found upon the gun, it came from squirrels killed a day or two prior to the homicide. If this was true, one of the most potent facts, if not the most cogent fact, in the case was elucidated and eliminated. This was very important evidence for the appellant. The action of the court with reference to the matter should not have so occurred. It was error. The judge may violate the provisions of the procedure as well by acts as by words, and he must not convey to the jury any criticism calculated to injure the rights of the accused any more by acts than by words in regard to testimony of the witnesses; hence his reflections upon counsel should not have been indulged."

Article 707, C. C. P., reads as follows:

"In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceedings previous to the return of a verdict, make any remark calculated to convey to the jury his opinion of the case."

We think the remarks violative of the statute. The court overruled appellant's objection to the remarks and declined to instruct the jury not to consider them. We are unable to reach the conclusion that the remarks did not contribute to the assessment of a penalty four years in excess of the minimum.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.